KITCHENS, Justice,
concurring in part and dissenting in part:
¶ 24. I agree with the majority’s conclusion that the trial court violated Jules Cor-bin’s Sixth Amendment right to confrontation when the previously recorded police interview of James Henry, Jr., was admitted into evidence. As such, I agree that, with respect to Count I for murder and Count II for aggravated assault, the convictions and sentences should be reversed and remanded for a new trial. However, I respectfully disagree with the majority’s conclusion that this error was harmless regarding Count III, felonious fleeing the scene of an accident; therefore, I would reverse and remand for a new trial on all charges.
¶ 25. Harmless errors are “constitutional errors which in the setting of a particular case are so unimportant and insignificant” they do not require the automatic reversal of a conviction. Chapman v. California, 386 U.S. 18, 22, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967). Where a violation of the Confrontation Clause has occurred, the “testimony erroneously admitted” must be “merely cumulative of other overwhelming and largely uncontroverted evidence properly before the jury” in order to be considered harmless error. Brown v. U.S., 411 U.S. 223, 231, 93 S.Ct. 1565, 1570, 36 L.Ed.2d 208 (1973). Moreover, “before a federal constitutional error can be held harmless,” this Court must find that the error was harmless beyond a reasonable doubt. Chapman, 386 U.S. at 24, 87 S.Ct. 824. The State is burdened with proving that the error was harmless beyond a reasonable doubt. Smith v. State, 986 So.2d 290, 300 (Miss.2008) (citing Arizona v. Fulminante, 499 U.S. 279, 296, 111 S.Ct. 1246, 1257, 113 L.Ed.2d 302 (1991)).
¶ 26. With regard to the charge of felonious fleeing the scene of an accident, the majority opinion asserts that the trial court’s error in admitting James Henry’s taped interview was harmless, given that the State’s witness, Demarcus Lott, testified that he had seen Corbin leaving the scene of the accident, and given that Lott’s description of Corbin was corroborated by three other witnesses. In light of the testimony of these witnesses, the majority concludes Henry’s recorded statement was “cumulative.” Maj. Op. at ¶ 19.
¶ 27. As for the taped interview of James Henry, the record indicates that, at trial, the tape became inaudible, and that a complete transcription of what was played before the jury could not be achieved. In the portion of the tape that was transcribed, Henry indicated that he had been driving Tammy Louis’s vehicle when it was struck multiple times by a car driven by a man whom he identified only as Poo. Henry did not recall Corbin’s having driven his vehicle alongside the Expedition, which Henry and Louis occupied, following the wreck. Henry stated that he did not recall being transported to the hospital, and that he did not recall anything after the crash. However, the record then indicates that the tape containing the interview, which continued to play for the jury, became inaudible in “many portions.” It is unclear from this notation in the record whether it was inaudible to the jury, or just to the court reporter. Therefore, there is no way to know whether the latter portion of the tape included a statement from Henry that Corbin had fled the scene of the accident. Because it is impossible to determine what the jury actually heard, there is no way to ascertain whether inadmissible evidence was adduced before the jury concerning Count III.
*342 ¶ 28. The testimony of the witnesses at or near the scene of the accident does not support a finding of harmless error. James House, who witnessed a man driving away from the accident in a gray car, was unable at trial to identify Corbin as the driver. He testified that he could merely describe the man he had seen that night. Samantha Davenport testified that, on the night of the accident, Corbin had flagged her down and asked her for a ride because his car had been stolen. Davenport’s passenger, Johnny Haggard, also testified that Corbin had flagged them down, informed them his car had been stolen, asked for a ride, but then said he did not need a ride after all. Neither Davenport nor Haggard was present at the scene of the accident, and neither witnessed Corbin’s fleeing the scene of an accident. Thus, the only witness among those enumerated by the majority who actually identified Corbin as the man fleeing the scene was Demarcus Lott.
¶29. For the above reasons, I cannot conclude that the inadmissible statements made by Henry were “merely cumulative of other overwhelming and largely uncon-troverted evidence properly before the jury.” Brown, 411 U.S. at 231, 93 S.Ct. 1565. I believe that the State has failed to meet its burden of showing beyond a reasonable doubt that the error was harmless with regard to Count III. Smith, 986 So.2d at 300. Therefore, I am unable to join the majority in affirming the conviction of the charge laid in Count III of the indictment. I would reverse all three convictions and remand the case for a new trial.
DICKINSON, P.J., CHANDLER AND KING, JJ., JOIN THIS OPINION.